Kimberly Bailey, secure party, in propria persona

161 49 112, Danbury F.C.I.

Route 37, Danbury, Connecticut 06811

**FILED**

2005 SEP 27 P 4: 25

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT

BRIDGEPORT, CONNECTICUT

| | |
|---|---|
| Kimberly Bailey,<br><br>petitioner/movant<br><br>v.<br><br>William Willingham, warden /<br><br>United States Bureau of Prisons /<br><br>Federal Bureau of Prisons<br><br>respondent | Case No. 3:05cv1398 (JCH)<br><br>AFFIDAVIT IN SUPPORT OF<br><br>A HEARING<br><br>FOR A HABEAS CORPUS<br><br>PURSUANT TO 28 U.S.C. §2241<br><br>(Aug. 31, 2005) |

NOW COMES the movant, Kimberly Bailey, in propria persona, with an affidavit in support of an evidentiary hearing for her habeas corpus of Aug. 29, 2005, per 28 U.S.C. §2241:

### AFFIDAVIT

I, Kimberly Bailey, make the following statement under penalty of perjury:

1. I anticipate a new trial in my criminal case, following the filing of clear and convincing evidence of more than 70 violations of my Constitutional rights.

2. Without the medical treatment requested in my habeas corpus pursuant to Title 28 U.S.C. §2241, I will be unable to testify. My doctors and Social Security have documented this condition since 1981. I had full disability for it since then. (Exhibits 1-4)

--1--

3. The condition is a hereditary disorder which interferes with breaking down certain chemicals in foods and in the environment. It has secondary effects on many systems in the body because of the toxic compounds produced during digestion. My condition would prevent accurate testifying, if untreated.

4. Some of my testimony concerns classified files.
   There is no one else who can replace my testimony as I am the only individual involved in practically all events in this case. Furthermore, my testimony must replace other witnesses for my defense(some were threatened and intimidated by federal agents, excused, or are missing since my incarceration).

5. My testimony is therefore essential for my defense and to overturn my life sentence. **Without immediate treatment, I will be unable to testify (permanently)**.

6. Because it is my Constitutional right to testify, and I must be **present** during my trial, I must receive immediate medical treatment without delay.

7. <u>Since medical treatment for this condition, recognized as disabling me since 1981, is essential to my ability to testify and stand trial</u>, I ask for a hearing on my §2241 habeas corpus, <u>to preserve my 5th, 6th and 8th Amdmt. rights</u>. Claims include deliberate indifference to my medical condition with resulting pain and suffering. Respondents have denied me all treatment for it.

8. Thus denial of my Aug. 30 motion for a hearing would also deny me my Sixth and Eighth Amendment Constitutional rights.

Attached: 4 exhibits

D. [signature]

My Commission Expires 8/31/09
State of Connecticut
County of Fairfield

Respectfully submitted on oath,

Kimberly Bailey

Aug. 31, 2005

-2-

EXHIBIT #89

(1 of 2 pages)

**Phyllis L. Saifer, M.D., M.P.H.**
PRACTICE LIMITED TO ALLERGY
3031 TELEGRAPH AVENUE
BERKELEY, CALIFORNIA 94705

TELEPHONE 849-3346

April 21, 1981

RECEIVED APR 24 1981
DISABILITY EVALUATION PROGRAM

PRONG FILE

C. Frey
Disability Evaluation Branch
Department of Social Services
Box 1072
Fresno, California 93714

Re: Kimberly Bailey
SSN: 444-46-▆▆▆▆

Dear Sir or Madam:

I have been treating Kimberly Bailey since July of 1977 for environmentally induced disease and for a disorder of the immune system.

Ms. Bailey reacts adversely to a great many foods and environmental substances. Her reactions are severe and disabling and involve cerebral, respiratory and gastro-intestinal symptoms. The specific symptoms involve extreme weakness, nausea, confusion, stupor, narcolepsy, difficulty breathing, abnormal drooling, difficulty concentrating, migraine, headaches, chills, sweats and painful throat. She also suffers from flatulence and diarrhea.

In Ms. Bailey's case the symptoms are extremely severe and debilitating including episodes of attacks that last as long as two to three days so that she is totally unable to care for herself. The symptoms are triggered by numerous foods, which can be somewhat controlled, as well as environmental substances generally involving hydrocarbons and petrochemicals which of course cannot be controlled except by living in a "cocoon" in an isolated area. Items such as synthetic clothing, vinyl, paint fumes, glue, cleaning supplies, carpeting, carpet batting, tobacco smoke, auto emissions (formaldehyde), insecticides, dry cleaning materials (and residuals therefrom in clothing), deodorants, aerosols, plastic, printing ink, furniture stuffing and covering, fabric dyes, and natural gas fumes to name a few which "outgas" causing fumes which trigger the incapacitating symptoms described above.

This extreme sensitivity to foods and chemicals effectively precludes any normal existence in the general population where rigid environmental controls are not possible. Part of Ms. Bailey's treatment demands a rigid environmental control such as a "safe" room in her home, which as much as possible would remove all items which may cause her difficulty. For example, her bedroom should have no drapes, carpeting or furniture which include synthetic fabrics, sponge, rubber, vinyl, etc. There should be no electronic equipment such as televisions or stereos because plastics and electronic equipment will, when heated, outgas fumes and induce adverse reactions. Her entire home ideally should be equipped with special filters and, if possible, there should be no natural gas burning appliances or forced air heat or air conditioning. She has found that only be living in a fairly isolated area can she be safe from exposure to fumes which trigger her sensitivities.

Naturally, in order to function on a relatively consistent day-to-day basis in a work setting, her work environment would also have to include these rigid controls that are necessary in her home. Without such controls, she cannot function at all

in a work setting.

Prognosis is guarded and depends on the extent of her ability to control exposure to the harmful substances. There are experimental treatments available which are not covered by MediCal.

In summary, then, Ms. Bailey suffers from severe and chronic environmentally induced disease and a disorder of the immune system. She has multiple system involvement when exposed to the substances noted above and which are normally easily tolerated by the vast majority of people.

While food can be controlled, many substances found in the areas of the general population and which outgas harmful substances cannot be controlled other than in a specifically prepared clean room in a patient's home.

A similar setting would be required in order for her to work.

I must emphasize that Ms. Bailey's reactions are significantly more severe than the typical allergic reaction which we have all seen, i.e., runny nose, itchy eyes and even asthma.

Ms. Bailey's problem is one that is becoming more common amongst the population as the chemical load increases and we will be seeing more people with this kind of disability triggered by the environment.

Please contact me if further information is needed.

Yours most sincerely,

Phyllis L. Saifer, M. D., M. P. H.

PLS/dh

SOCIAL SECURITY ADMINISTRATION
RETIREMENT, SURVIVORS, AND DISABILITY INSURANCE
Important Information

Telephone: (619) 557-6933
Date: JUL 2 3 1997
Claim Number: 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 HA

KIMBERLY BAILEY
PO BOX 40039
SAN DIEGO, CA   92164-0111

We recently reviewed the evidence in your Social Security disability claim and find that your disability is continuing. Here is some important information about your claim. We have also enclosed information about working that explains some of the terms we use.

Your claim will be reviewed from time to time to see if you are still eligible for benefits based on disability or blindness. When your claim is reviewed, you will be contacted if there is any question as to whether your eligibility continues.

If you are receiving Supplemental Security Income payments, any decision about that claim will be sent to you in a separate notice.

Things to Remember

You must tell us right away about any changes that may affect your benefits. If you don't, you may have to repay any benefits you are not due. Let us know if:

o   You went to work since your last report or you return to work in the future (no matter how little you earn); or

o   You already reported your work, but your duties or pay changed. (Remember to keep records of your work and earnings such as pay statements from your employer.); or

o   Your doctor says your condition has improved (even if you don't work now); or

o   You apply for, start getting, or have a change in the amount of worker's compensation or another public benefit; or

o   You start paying for work expenses related to your disability (for example, you may need special transportation) or the amount you pay for such expenses changes or you no longer pay for such expenses. (Remember to keep proof of payment for any work expenses.)

DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE
Social Security Administration

# CESSATION OR CONTINUANCE OF DISABILITY OR BLINDNESS
## DETERMINATION AND TRANSMITTAL

No further monies or other benefits may be paid out under this program unless this report is completed and filed as required by existing public law 93-233.

**DESTINATION:** DO ☐  PSC ☐  CRS ☐  BDC ☒ (marked)  DIO ☐

**1. SOCIAL SECURITY NUMBER:** 444 46 5275

**2. A. NAME OF PAYEE (IF ANY):**

**3. WE'S NAME (IF COB OR DWB CLAIM):**

**B. NAME OF DISABLED OR BLIND INDIVIDUAL:** Kimberly B. BAILEY

**4. DATE OF BIRTH:** 10-21-46

**5. DATE DISAB. BEGAN:** 05-15-74

**C. ADDRESS:** 6711 El Colegeo, Goleta, CA 93017

**6. DO ADDRESS:** 911 Olive St., Santa Barbara, CA 93101

**7. DO AND DDS CODES:** 961 | 055

**8. TITLE II - DIB ☒  FZ ☐  DWB ☐  COB ☐  CRD ☐**

**TITLE XVI:** DI ☐  DS ☐  DC ☐  BI ☐  BS ☐  BC ☐

**9. UPON CONSIDERATION OF ALL FACTS, IT IS DETERMINED THAT THE APPLICANT'S DISABILITY:**
- A. ☒ CEASED 02-81 PD. OF DISAB. TERM AT THE CLOSE OF THE LAST DAY OF
- B. ☒ IS CONTINUING 04-81
- C. ☐ IS BLINDNESS AS DEFINED IN SEC. 216(i) AND:
  - (1) ☐ WE NOT DISABLED FOR CASH BENE. PURPOSES SINCE
  - (2) ☐ BENE. TERM.
  - (3) ☐ WE UNDER DISAB. FOR CASH BENE. PURPOSES SINCE

**10. UPON CONSIDERATION OF ALL FACTS, IT IS DETERMINED THAT:**
- A. ☐ DISAB. CEASED ___ STATE PLAN LAST MET
- B. ☐ ELIG. TERM. AT CLOSE OF LAST DAY OF
- C. ☒ DISAB. CONTINUES
  - (1) ☒ MEETS FEDERAL CRITERIA
  - (2) ☒ MEETS STATE CRITERIA
  - OA or A ☐ (DOES) ☐ (DOES NOT) CONTRIBUTE TO FINDING.
- D. ☐ BLINDNESS CEASED
  - (1) ☐ INDIV. NOT DISABLED/ELIG. TERM. AT THE CLOSE OF THE LAST DAY OF
  - (2) ☐ INDIV. DISABLED/ELIG. CONTINUES
- E. ☐ BLINDNESS CONTINUES

## BASIS FOR DETERMINATION

**11. DISABILITY/BLINDNESS CEASED ON SHOWN DATE BECAUSE:**
- A. ☒ IMPAIRMENT NO LONGER OF SUFFICIENT SEVERITY TO PREVENT SGA
- B. ☐ NO IMPAIRMENT FOUND BECAUSE OF FULL-TIME UNRESTRICTED WORK
- C. ☐ ABILITY TO ENGAGE IN SGA DESPITE IMPAIRMENT - TWP COMP
- D. ☐ ABILITY TO ENGAGE IN SGA DESPITE IMPAIRMENT - NO TWP
- E. ☐ NO IMPAIRMENT - TWP COMP
- F. ☐ WHEREABOUTS UNKNOWN
- G. ☐ FAILURE TO COOPERATE
- H. ☐ OTHER (EXPLAIN IN REMARKS)

**12. REASON FOR CONTINUANCE:**
- A. ☐ IMPAIRMENT DISABLING - NEW MED. EVID - NO WK. ACTIV.
- B. ☐ IMPAIRMENT DISABLING - NEW MED. EVID - WK NOT EVAL.
- C. ☐ WK NOT SGA - IMPAIRMENT DISABLING - NEW MED. EVID
- D. ☐ WK NOT SGA - NO MED. ISSUE - NO NEW MED. EVID
- E. ☐ STAT. BLINDNESS/TITLE II BENEFITS CEASE
- F. ☐ TITLE XVI BLINDNESS TERM/DISAB. BEGIN
- G. ☐ OTHER (EXPLAIN IN REMARKS)

**13. ☒** CHECK IF SGA-834 IS USED. USE SSA-834 FOR EVIDENCE AND REASONING

**14. WHY INVESTIGATION WAS MADE:**
- A. ☒ MED. RE-EXAM DIARY
- B. ☐ TWP DIARY MATURED
- C. ☐ EARNINGS POSTED - MED. RE-EXAM SET
- D. ☐ EARNINGS POSTED - NO MED. RE-EXAM
- E. ☐ VOL. REPT. OF RETURN TO WK - MED. RE-EXAM SET
- F. ☐ VOL. REPT. OF RETURN TO WK - NO MED. RE-EXAM
- G. ☐ VOL. REPT. OF MED. IMPROVEMENT
- H. ☐ STATE VR REPORT
- I. ☐ FFL REVIEW
- J. ☐ OTHER (Specify in Remarks)

**15. OTHER ENT:** ☐ TITLE II  ☐ TITLE XVI

**16. VR ACTION:** SC IN A. ☐  SC OUT B. ☐  PREV. REP. C. ☒  RE-REP. D. ☐

**17. DIAGNOSIS:**
1. Environmentally induced disease
2. Disorder of the immune system

**18. DIARY DATE:** ☐ TWP  ☒ NONE  ☐ MED

**19.** ☐ RECON  ☐ HEARING  ☐ REOPENING

**20. REMARKS:** See Revised determination dated 4/4/81

**21. DISABILITY EXAMINER:** C. Frey/li

**22. DATE:** [signature]

**23. SECOND DISABILITY EXAMINER:**

**24. DATE:**

**25. REVIEWING PHYSICIAN:** [signature]

**26. DATE:** 4/1/81

**27. SECOND REVIEWING PHYSICIAN:**

**28. DATE:**

**29. LTR/PAR NO.:** L20, (2/81, 4/81)

**30. LIST NO.:**

**31. SSA REPRESENTATIVE:** [signature]

**32. SSA COMPONENT:** Mod 33

**33. DATE:** 5/13/81

**34. FOR PSC-DBS USE**