UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY BAILEY

    V.                                            PRISONER
                                       CASE NO.    3:05CV1398 (JCH)

WILLIAM WILLINGHAM, ET AL.

RULING ON MOTION TO PROCEED IN FORMA PAUPERIS

The petitioner is an inmate at the Federal Correctional Institution in Danbury, Connecticut. She moves the court for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 in this habeas corpus petition. For the reasons set forth below, the petitioner's motion to proceed in forma pauperis is DENIED.

It is well settled that the decision to proceed in forma pauperis in civil cases is committed to the sound discretion of the district court. See Venable v. Meyers, 500 F.2d 1215, 1216 (9th Cir.), cert. denied, 419 U.S. 1090 (1972); Monti v. McKeon, 600 F. Supp. 112, 113 (D. Conn. 1984), aff'd mem. 788 F.2d 1 (2d Cir. 1985). In exercising this discretion under § 1915(a), the district court must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force her to abandon the action. See Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339-40 (1948); Potnick v. Easter State Hospital, 701 F.2d 243, 244 (2d Cir. 1983).

In her motion to proceed in forma pauperis, the petitioner states that she has $82.76 in her prisoner account. Furthermore, as a prisoner, the petitioner bears no costs for room or board. From this information, this court can discern no reason why requiring this petitioner to pay the

$5.00 filing fee to commence this action would force her to forego the necessities of life or abandon this action.  Potnick, 701 F.2d at 244.  The petitioner has not demonstrated a substantial showing of indigence which is required before in forma pauperis status may be granted under § 1915.  See Poindexter v. Federal Bureau of Investigation, 737 F.2d 1173, 1186 (D.C. Cir. 1984) (standard for granting application to proceed in forma pauperis more stringent than standard for determining financial ability to retain counsel), cert. denied, 479 U.S. 1047 (1987).

In light of the financial information submitted by the petitioner, it would be inappropriate to permit the action to proceed in this court, without payment of fees, under 28 U.S.C. § 1915.  The Court notes that the petitioner's habeas corpus petition will be deemed filed as of September 2, 2005, the date it was received in the Clerk's Office, so long as the filing fee is submitted within the time allotted by this order.

Accordingly, the petitioner's application to proceed in forma pauperis [**doc. #2**] is **DENIED**.  All further proceedings in the matter shall be held in abeyance for 30 days pending the petitioner's delivery of the filing fee in the amount of $5.00 (cash, money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604.  Failure to tender the filing fee within 30 days of this Order will result in the dismissal of this action.  The pending Motions [**docs. ## 3, 4, 5, 8**] are **DENIED** without prejudice to renew upon the submission of the filing fee to the court.

SO ORDERED this 22nd day of November, 2005, at Bridgeport, Connecticut.

/s/
Holly B. Fitzsimmons
United States Magistrate Judge